THE EXCELSIOR.

(District Court, S. D. New York. July 5, 1883.)

1. COLLISION—DAMAGES—DEMURRAGE.

In collision cases, damages in the nature of demurrage for detention of the vessel while repairing, which are plainly out of all proportion to the value of the vessel, should be disallowed. Only the market value for chartering, or fair net earnings as ordinarily employed, over all expenses, should be awarded for demurrage.

2. SAME—DEPRECIATION—REPAIRS.

Nothing should be allowed for permanent depreciation of the vessel repaired, when, after being repaired, the vessel is, on the whole, worth as much as before the injury.

In Admiralty.

Benedict, Taft & Benedict, for libelants.

James McKeen, for claimant.

BROWN, J. The testimony on the part of the libelants, as to the various items of damage, shows to my apprehension such palpable efforts at exaggeration as to disentitle it to such weight or confidence as it would otherwise receive. The claim that this small schooner of only 70 tons, and six years old, was worth $7,500, and that her daily use or demurrage, without crew or expenses, was worth $15

per day, net, or upwards of $5,000 a year, must be deemed gross exaggerations.

I am satisfied from the evidence that $5 per day is ample, and, in fact, more than her net market value for chartering, or her ordinary and fair net earnings, as ordinarily employed. *The Potomac*, 105 U. S. 630; *Sturgis* v. *Clough*, 1 Wall. 269.

As to permanent depreciation, I am also satisfied that the additions of new masts and sails in place of the old ones fully compensate for any other depreciation, which must have been slight. As in the case of *The Isaac Newton*, 4 Blatchf. 21, I am satisfied that, after all the repairs made on her, she was "in as good condition as before the injury." *Petty* v. *Merrill*, 9 Blatchf. 447. I cannot sustain any of the libelant's exceptions. Deducting, therefore, from $1,790.48, the amount reported, one-half of the allowance for permanent depreciation, viz., $125, and $77 on account of demurrage, making $202, which, with interest to June 20, 1883, amounts to $256.54, there remains $1,533.94, for which a decree may be entered.