## THE SARAH THORP.

### THAMES TOW-BOAT CO. v. THE SARAH THORP.

*(District Court, D. Connecticut.   June 11, 1891.)*

COLLISION—DAMAGES—WAGES OF CREW OF INJURED VESSEL.
    A tug was injured in a collision with a steamer, owing to the steamer's fault. *Held*, that the wages and provisions of the crew of the tug during the expected time she was undergoing repairs, a period of 21 days, should not be allowed as damages against the steamer.

In Admiralty. On exceptions to commissioner's report.

The steam-tug America, owned by the Thames Tow-Boat Company, was injured in a collision with the steamer Sarah Thorp. On a libel by the Thames Tow-Boat Company it was adjudged that the collision was owing to the steamer's fault, and a reference ordered to a commissioner on the question of damages. See 44 Fed. Rep. 637. The commissioner made his report, and both parties excepted.

*James Parker*, for claimant.

*Samuel Park*, for libelant.

SHIPMAN, J. The questions arise upon exceptions to the commissioner's report. Upon the first exception of the claimant $224.07 are deducted from the commissioner's allowance of wages and provisions for the second engineer, steward, three firemen, and two deck-hands during the time of repairs. It does not seem to me that these seamen should have been kept in the employment of the libelant at the expense of the claimant during the 21 days' repairs, which, before the work was commenced, it was known would cost about $3,000. The other exceptions of the claimant and the exception of the libelant are disallowed.

Let a decree be entered for $4,231.20, and costs to be taxed.