## THE HELGOLAND.

### NEW YORK, N. H. & H. R. CO. v. THE HELGOLAND.

(District Court, S. D. New York. February 13, 1897.)

COLLISION—DAMAGE TO VALUABLE BARGE BY TWISTING—PERMANENT DEPRECIATION.

Where a new and valuable boat has received a permanent twist from a severe collision, and the boat in other respects has been repaired, but without complete straightening, in consequence of the great expense that complete repair would involve, *held*, that $1,800 for damage or depreciation not covered by the repairs made was a reasonable allowance, and was upheld.

Henry W. Taft, for libelant.
Benedict & Benedict, for claimant.

BROWN, District Judge. Upon examining the testimony, I am of opinion that the allowance of $1,800 for depreciation in this boat should be affirmed. I thus hold upon the ground that the twist given to the boat remained evident and palpable, notwithstanding all that could be done to correct it. The longitudinal bulkheads remained nearly five inches out of place; the deck resting upon the edges of the bulkheads, which were canted to starboard. Repair so as to make the boat completely straight, and in her former condition, would have been attended with very great expense,—far beyond the sum of $1,800 allowed by the commissioner. It seems to me manifest from the nature of the case, as well as from the testimony, that a boat thus sprung and twisted has not the endurance, or the life, of a boat not thus strained and out of shape. The qualifications in Mr. Pierce's testimony, reading it all together, show, I think, that what he means is, that for present actual use she has all-sufficient strength to sustain contacts and collisions as before; but that she was built with a considerable surplus of reserve strength, which does not remain in the same degree as before.

In the case of Petty v. Merrill, 9 Blatchf. 447, Fed. Cas. No. 11,050 (the case chiefly relied upon by the respondents), Woodruff, J., observes:

"There may be proof of injury, which, though known, cannot be repaired without unreasonable cost, where the party in fault will be benefited by an allowance for actual depreciation, because an attempt to make complete repairs would involve an expense greatly disproportionate to the amount of such depreciation."

That, it seems to me, is precisely the present case. The allowance here is not on the vague notion that she is not as good, or will not sell for as much, simply because she has been in collision, when everything discoverable has been apparently rectified and repaired. Here what remains is palpably not repaired, and could not be, without great expense. This boat was one of the finest of the kind ever built, costing about $21,000 a few months only before the accident. An allowance of between 8 and 9 per cent. for the inferior value and enduring power of the boat is, it seems to me, a fair and moderate allowance, of which the defendant should not complain.

Report confirmed.