### THE McILVAINE.

### THE ALABAMA et al.

#### (District Court, E. D. Virginia. March 26, 1903.)

**1. COLLISION—MEASURE OF DAMAGES—SUPERINTENDENCE OF REPAIRS.**
Where the master of a barge injured in collision was also the owner, no allowance will be made for his time in superintending the repairs, in addition to the demurrage allowed for loss of earnings of the vessel.

**2. SAME—ALLOWANCE FOR PERMANENT INJURY.**
Where a vessel suffered permanent injury from a collision, of such character that it cannot be repaired at a reasonable cost, an allowance may properly be made therefor as an item of damages in addition to the cost of the repairs made.

In Admiralty. Suit for collision. On exceptions to commissioner's report of damages.

See 114 Fed. 214.

Edward R. Baird, Jr., for libelant.
Hughes & Little, for respondent Alabama.
Heath & Heath, for the Curtin.

WADDILL, District Judge. The commissioner reported the damages sustained by the McIlvaine, and for which the Alabama and the Curtin had been decreed liable on the trial on the question of fault (D. C.; 114 Fed. 214), to be $3,024.50, made up of the following items:

Amount paid for repairs to barge .............................. $1,625 00
"       "    by libelant for surveys, protest fees, etc........... 47 00
"       "    by libelant for towing ............................. 2 50
"       of demurrage, 35 days, fixed by commissioner at $8 per day 280 00
"       due for superintending said repairs, or some one for him,
           allowed $2 per day for his services, 35 days............ 70 00
"       of permanent value of the barge......................... 1,000 00

Total ..................................................... $3,024 50

The Alabama and the Curtin both except to the report and the findings of the commissioner as to all the items of the allowance, but only the two last items are seriously contested, and require any particular consideration.

1. The allowance for demurrage is more than it should be, under the circumstances. Libelant claimed $12, and the commissioner allowed $10 per day, which included $2 per day for the master and owner to superintend the work of repairs on the barge. The charge to the master himself for superintendence of repairs is questionable.

¶ 1. See Collision, vol. 10, Cent. Dig. § 288.

The Sarah Thorp (D. C.) 46 Fed. 816. The only case to which reference has been given where the allowance seems to have been sanctioned is that of The Providence, 98 Fed. 133, 38 C. C. A. 670; but this case, upon rehearing, was reversed (117 Fed. 1006), whether on this particular point, however, it does not appear, as no opinion was filed. In The State of California, 54 Fed. 404, 4 C. C. A. 393, the court held the criterion of the measure of damages in a case like the present one to be the value of the use of the injured vessel during the time of the actual necessary detention, the same to be determined by evidence showing the number of days lost while undergoing repairs, to be ascertained from the average daily earnings of the vessel— say for a period of six months prior and subsequent to the collision. Without meaning to hold that, under some circumstances, the charge for the superintendence of the work of repairs may not be allowed, in this case, and where the master was himself the owner, there appears to be nothing to justify the charge. Eight dollars a day would seem to cover the average daily earning capacity of the barge, and for that amount, allowing for 30 instead of 35 days, the award should be made, and to that extent the commissioner's report is modified.

2. The item of $1,000 for the permanent injury of the barge is the one most seriously contested, and as to the allowance of which it may be said that the authorities are not entirely in harmony. From the facts in this case, it seems quite clear that the commissioner, in making the allowance, did not err. Exceptants refer to the case of Petty v. Merrill, 9 Blatchf. 447, Fed. Cas. No. 11,050, as authority for the position they take, that this item should be rejected altogether. While that case does seem to support their contention that no allowance for the probable effects of a collision, where no such defect is known or discernible, should be made, in another view it supports the claim here made; that is, that there may be proof of injury, which, though known, cannot be repaired without unreasonable cost; that is, where the party in fault would be benefited by the making of such an allowance, preferably to making the repairs. Allowance for depreciation in this class of cases is recognized by Judge Brown, of the Southern District of New York, in the case of The Helgoland (D. C.) 79 Fed. 123. In the present case the permanent injury to the barge is patent. Although the sum of $1,625 was expended in its repairs, the barge was manifestly not put in as good condition as when the injury was sustained; and it is admitted that she is in a curved condition, or six or seven inches to port at her bow, which extends back a considerable part of her length. This defective condition alone, which no effort was made to remedy, on account of the expense incident to the same, would justify the allowance made by the commissioner, and the proof is that it affects the sale value of the barge $2,000. It was understood at the time of the repairs that the work done was by no means sufficient to place the barge in the condition she was before the collision, and that from four to five thousand dollars would be necessary for that purpose, which sum the owner was unwilling to expend, not knowing to whom the fault of the collision would be attributed; and only such amount as would place the barge in a safe and seagoing condition was expended.

The question of the allowance of interest is a matter largely within the discretion of the court, and the commissioner's report should be modified in this respect. Upon the item of $1,000, interest should be charged from the date of the entry of the judgment, and upon the other amounts from the 21st day of February, 1900, instead of from the 16th day of January, 1900.

A decree may be entered confirming the commissioner's report, with the modifications above suggested.